**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

**GARY ZIMMERMAN, LISA VENTURA, FIREAMS POLICY COALITION, INC., and SECOND AMENDMENT FOUNDATION,**

*Plaintiffs*,

**v.**

**TODD BLANCHE,** in his official capacity as Acting Attorney General of the United States**,**

*Defendant.*

Case No. 4:26-cv-00372-Y

**AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiffs Gary Zimmerman, Lisa Ventura, Firearms Policy Coalition, Inc., and Second Amendment Foundation, complain of Defendant Todd Blanche, in his official capacity as Acting Attorney General of the United States, and allege:

## INTRODUCTION

1. In *New York State Rifle & Pistol Association v. Bruen*, the Supreme Court held that the law-abiding citizens of this Nation have a general right to carry firearms for self-defense in public, which can only be restricted in "exceptional circumstances." 597 U.S. 1, 38 (2022).

2. Plaintiffs sue to challenge the constitutionality of 18 U.S.C. § 930(a), which bars knowingly possessing a firearm in a federal facility, as applied to federal facilities operated by the National Park Service. Plaintiffs further challenge 36 C.F.R. § 1.5, which permits the official in charge of a park area to impose particular restrictions on a specific use or activity within areas of the park, to the extent it is used to further limit the areas within the national parks where firearms may be carried.

3. The Organizational Plaintiffs, Firearms Policy Coalition and Second Amendment Foundation, sue on behalf of their members, including Plaintiffs Zimmerman and Ventura, who

wish to exercise their Second Amendment right to carry for self-defense at federal facilities and other locations within national parks.

4. Plaintiffs Zimmerman and Ventura are ordinary, law-abiding citizens. They desire and intend to exercise their Second Amendment rights to carry for self-defense at national parks, including at federal facilities located therein.

**PARTIES**

5. Gary Zimmerman is a law-abiding adult, United States citizen, and resident of Fort Worth, Texas. He is an NRA-certified firearms instructor and certified as a license-to-carry instructor by the states of Texas, Utah, Maryland, Louisiana, and Illinois. Plaintiff Zimmerman holds an active license to carry handguns in ten states: Arizona, Connecticut, Illinois, Maine, New Hampshire, Pennsylvania, Texas, Utah, Virginia, and Washington.

6. Plaintiff Zimmerman and his wife possess lifetime passes to the national parks and both visit national parks frequently for vacation and recreation. Plaintiff Zimmerman carries a handgun for self-defense when he does so. For instance, he has visited Big Bend National Park almost annually over the last eight years and he has visited Arches National Park and Canyonland National Park six times in the last decade. Due to a fear of prosecution for violating the laws and regulations challenged herein, Plaintiff Zimmerman is forced to disarm when visiting federal facilities located within a park or when visiting other areas of the parks where firearm carriage has been forbidden. For example, when Plaintiff Zimmerman enters a federal facility within a park to acquire a permit or supplies, he disarms before entering, usually by placing his firearm in a safe he keeps for that purpose in the glovebox of his car. Such facilities are not, in Plaintiff Zimmerman's experience, provided with security ensuring that no one brings a firearm into the building.

7. Plaintiff Zimmerman visited Mammoth Cave National Park last August on a trip with his wife. While there, he was forced to disarm when entering federal facilities to acquire

permits and shop as well as when he toured the cave itself. While in these locations, Plaintiff Zimmerman was unequipped to defend himself against attack.

8. Plaintiff Zimmerman and his wife have a goal of eventually visiting every national park in the continental United States. This year, Zimmerman intends to take an extended trip across the country to visit several national parks, including Big Bend, Guadalupe Mountains, Arches, Bryce Canyon, Canyonlands, Capitol Reef, Zion, Mesa Verde, Rocky Mountain, Glacier, and Yellowstone National Parks.

9. He is currently planning a similar road trip for next year to several other national parks, including Acadia, Shenandoah, Great Smoky Mountains, and Hot Springs National Parks.

10. Plaintiff Zimmerman would, if it were lawful for him to do so, carry a firearm with him while in federal facilities at each of these parks, however, due to the laws at issue here and his fear of their enforcement against him, he will be forced to disarm.

11. Plaintiff Lisa Ventura is a law-abiding adult, United States citizen, and resident of Tarrant County, Texas. She works part-time as a security guard and as a firearms instructor. She is certified by the Texas Department of Public Safety to issue license-to-carry certifications and is licensed to carry a firearm herself.

12. Plaintiff Ventura and her husband enjoy hiking and other outdoor recreation activities and have taken several trips to national parks. In recent years, they have traveled to Colorado National Monument and to Arches National Park for vacation and outdoor recreation. Plaintiff Ventura's husband is a civilian employee of a government contractor who works closely with military personnel on deployment to foreign nations, so they have no firm travel plans, but they intend to visit additional national parks in the future as well as to make return visits to Colorado National Monument and to Arches National Park when her husband is on leave.

13. Plaintiff Ventura regularly carries a handgun for self-defense. However, due to her fear of prosecution for violating the laws and regulations challenged herein, Plaintiff Ventura is

forced to disarm when visiting federal facilities located within a park or when visiting other areas of the parks where firearm carriage has been forbidden.

14. Firearms Policy Coalition, Inc. ("FPC") is a nonprofit membership organization that works to create a world of maximal human liberty and freedom. FPC seeks to protect, defend, and advance the People's rights, especially but not limited to the inalienable, fundamental, and individual right to keep and bear arms, and protect the means by which individuals may exercise the right to carry and use firearms. FPC serves its members and the public through legislative advocacy, grassroots advocacy, litigation and legal efforts, research, education, outreach, and other programs.

15. FPC brings this action on behalf of its members, including those who reside in this district, who intend and desire to exercise their Second Amendment rights to carry firearms for self-defense in the national parks, including in federal facilities or other locations where firearm carriage is banned. FPC members would carry at these locations but for their reasonable fear of prosecution. Plaintiffs Zimmerman and Ventura are members of FPC.

16. Plaintiff Second Amendment Foundation ("SAF") is a nonprofit membership organization. It is incorporated under the laws of the state of Washington and was founded in 1974. SAF has over 720,000 members and supporters nationwide, including thousands of members in Texas. SAF is dedicated to promoting a better understanding of our constitutional heritage to privately own and possess firearms through educational and legal programs designed to better inform the public about gun control issues. SAF has been a pioneer and an innovator in the defense of the right to keep and bear arms.

17. SAF brings this action on behalf of its members, including those who reside in this district, who intend and desire to exercise their Second Amendment rights to carry firearms for self-defense in the national parks, including in federal facilities or other locations where firearm carriage is banned. SAF members would carry at these locations but for their reasonable fear of prosecution. Plaintiffs Zimmerman and Ventura are members of SAF.

18. Defendant Todd Blanche is the Acting United States Attorney General. As Acting Attorney General, Defendant Blanche leads the United States Department of Justice and is responsible for enforcing the federal law, including 18 U.S.C. § 930 and 36 C.F.R. § 1.5.

**JURISDICTION AND VENUE**

19. This Court has jurisdiction under 28 U.S.C. § 1331 because Plaintiffs' claims arise under federal law; namely, the Second Amendment to the United States Constitution.

20. Venue is proper under 28 U.S.C. § 1391(e)(1) because Defendant Blanche is an officer of the United States acting in his official capacity, Plaintiffs Zimmerman and Ventura reside in this district, Plaintiffs FPC and SAF have members (including Plaintiffs Zimmerman and Ventura) that reside in this district, and no real property is at issue.

**GENERAL ALLEGATIONS**

21. Plaintiffs bring this action to challenge the federal restrictions on firearm carriage in national parks.

22. Federal law, specifically 18 U.S.C. § 930(a), bars the knowing possession of firearms in federal facilities. "Federal facility" is a building owned or leased by the federal government, where federal employees are regularly present to perform their official duties. 18 U.S.C. § 930(g)(1). The definition of federal facility therefore includes many buildings inside of the national parks. "These buildings include, but are not limited to, government offices, visitor centers, ranger stations, fee collection buildings, and maintenance facilities." *Firearms in National Parks*, NAT'L PARK SERV., https://perma.cc/VF68-43A9. A violation of this subsection is punishable by a fine, a term of imprisonment less than a year, or both. 18 U.S.C. § 930(a).

23. 36 C.F.R. § 1.5 permits park officials to set public use limits and closures of areas of national parks, including by imposing park-specific restrictions on where firearms may be carried. *See, e.g.*, *Superintendent's Compendium*, NAT'L PARK SERV., MAMMOTH CAVE NAT'L PARK, https://perma.cc/5FFV-WCWG (banning, under 36 C.F.R. § 1.5, the carriage of firearms

on any cave tours). A violation of a park closure under this regulation is punishable by a fine, a term of imprisonment of up to 6 months, or both. 36 C.F.R. § 1.3; 18 U.S.C. § 1865.

24. To determine whether a firearm restriction is constitutional, the Court in *Bruen* explained that "the standard for applying the Second Amendment is as follows: When the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. The government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation." 597 U.S. at 24.

25. *Bruen* has already established that the Second Amendment covers plaintiffs' proposed conduct here—carrying arms publicly for self-defense and other lawful purposes. *Id.* at 31–32. As such, the Second Amendment "presumptively protects" Plaintiffs' right to carry firearms in federal facilities located in national parks. *Id.* at 17.

26. It is thus the government's burden to "affirmatively prove that its firearms regulation is part of the historical tradition that delimits the outer bounds of the right to keep and bear arms." *Id.* at 19; *see also id.* at 60 ("[W]e are not obliged to sift the historical materials for evidence to sustain New York's statute. That is respondents' burden."). The government cannot do so.

27. The *Bruen* Court struck down New York's "proper cause" requirement for issuing a permit to carry a handgun in public. In doing so, it expressly rejected New York's attempt to justify its restriction as analogous to a historical "sensitive place" regulation. *Id.* at 30–31. The Court explained that governments may not simply ban guns wherever people may "congregate" or assemble: A rule that "expand[ed] the category of 'sensitive places' simply to all places of public congregation that are not isolated from law enforcement defines the category of 'sensitive places' far too broadly." *Id.* at 31. "Put simply, there is no historical basis for New York to effectively declare the island of Manhattan a 'sensitive place' simply because it is crowded and protected generally by the New York City Police Department." *Id.*

28. Thus, if the government seeks to restrict firearms in a particular location as a "sensitive place," it must prove that its current restriction is sufficiently analogous to a "well-established and representative historical analogue[.]" *Id.* at 30 (emphasis omitted). The Court has identified only three such locations: Founding-era "legislative assemblies, polling places, and courthouses." *Id.* (citing David B. Kopel & Joseph G.S. Greenlee, *The "Sensitive Places" Doctrine: Locational Limits on the Right to Bear Arms*, 13 CHARLESTON L. REV. 205, 229–236, 244–47 (2018)). The unifying principle allowing arms to be restricted in these locations at the Founding was comprehensive government-provided security. *See* Amicus Br. of the Center for Human Liberty at 8–17, *Antonyuk v. Nigrelli*, No 22-2908 (2d Cir. Feb. 9, 2023), Doc. No. 313; Amicus Br. of Angus Kirk McClellan at 9–22, No. 23-16164 (9th Cir. Nov. 9, 2023), Doc. No. 48-2. The federal government does not comprehensively secure federal facilities located within national parks.

29. The government will therefore be unable to justify either 18 U.S.C. § 930(a) or restrictions imposed under 36 C.F.R. § 1.5 with any representative or relevantly similar analogues rooted in the Founding era.

**CLAIM FOR RELIEF**

**(U.S. CONST., amend. II)**

30. Plaintiffs incorporate here by reference paragraphs 1 through 26, *supra*, as if fully set forth herein.

31. The Second Amendment to the United States Constitution provides: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. CONST. amend II. The Supreme Court has squarely held that the Second Amendment protects an individual right to keep and bear arms, and that all responsible, law-abiding Americans are entitled to exercise that right. *See District of Columbia v. Heller*, 554 U.S. 570 (2008). In *Bruen*, the Supreme Court held that the Second Amendment right to keep and bear arms fully extends to general carry of arms in public. *See Bruen*, 597 U.S. at 32.

32. The *Bruen* framework begins with the plain text. If the plaintiffs' proposed course of conduct falls within the Second Amendment's plain text, then "the Constitution presumptively protects that conduct." *Id.* at 17. Importantly, "[n]othing in the Second Amendment's text draws a home/public distinction," *id.* at 32—or for that matter, any distinction between locations at all. And it means that any locational restrictions on Second Amendment rights must come from history, not from the plain text.

33. There is no "well-established, representative historical analogue" for 18 U.S.C. § 930(a) and firearms restrictions imposed under 36 C.F.R. § 1.5. These laws are unconstitutional under the Second Amendment because they ban the carry of firearms within federal facilities located within national parks and other parts of specific parks where firearms are prohibited.

34. Plaintiffs Zimmerman and Ventura, along with other members of the Organizational Plaintiffs, intends and desires to carry firearms in the immediate future in the national parks, including in federal facilities and other locations within the parks where firearms are banned, and would do so today, but for their reasonable fear of arrest and prosecution.

**PRAYER FOR RELIEF**

Plaintiffs respectfully request that this Court:

1. Issue a declaratory judgment that 18 U.S.C. § 930(a) and firearms restrictions imposed pursuant to 36 C.F.R. § 1.5 are unconstitutional under the Second Amendment to the extent they bar the possession and carrying of firearms within the national parks;
2. Issue a permanent injunction enjoining enforcement of 18 U.S.C. § 930(a) and firearms restrictions imposed under 36 C.F.R. § 1.5 to the extent they bar the possession and carrying of firearms within the national parks;
3. Award Plaintiffs the costs of this action and reasonable attorney's fees; and
4. Award Plaintiffs other legal and equitable relief as is just and appropriate.

Dated: June 24, 2026

Respectfully submitted,

/s/ David H. Thompson
David H. Thompson*
DC Bar No. 450503
dthompson@cooperkirk.com
Peter A. Patterson*
DC Bar No. 998668
ppatterson@cooperkirk.com
William V. Bergstrom*
DC Bar No. 241500
wbergstrom@cooperkirk.com
COOPER & KIRK, PLLC
1523 New Hampshire Ave N.W.
Washington, D.C. 20036
Telephone: (202) 220-9600
Fax: (202) 220-9601

*Admitted *pro hac vice*

R. Brent Cooper
TX Bar No. 04783250
brent.cooper@cooperscully.com
COOPER & SCULLY, P.C.
900 Jackson Street, Suite 100
Dallas, Texas 75202
Telephone: (214) 712-9500
Telecopy: (214) 712-9540

*Counsel for Plaintiffs*