**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | |
|---|---|
| GARY ZIMMERMAN, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>TODD BLANCHE, *et al.*,<br><br>*Defendants*. | Civil Action No. 4:26-cv-372-Y |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

# TABLE OF CONTENTS


INTRODUCTION .......... 1

BACKGROUND .......... 2

I. The challenged provisions .......... 2

A. 18 U.S.C. § 930 .......... 2

B. 36 C.F.R. § 1.5 .......... 2

II. This lawsuit .......... 2

III. Recent developments .......... 3

LEGAL STANDARDS .......... 4

ARGUMENT .......... 4

CONCLUSION .......... 11

## TABLE OF AUTHORITIES

**Cases**

*Barilla v. City of Houston*,
13 F.4th 427 (5th Cir. 2021) ..... 5

*Carney v. Adams*,
592 U.S. 53 (2020) ..... 5

*Casa De Md. v. DHS*,
924 F.3d 684 (4th Cir. 2019) ..... 7

*Cell Sci. Sys. Corp. v. La. Health Serv.*,
804 F. App'x 260 (5th Cir. 2020) ..... 4

*City of Los Angeles v. Lyons*,
461 U.S. 95 (1983) ..... 5

*Craker v. DEA*,
44 F.4th 48 (1st Cir. 2022) ..... 7

*Dist. of Columbia v. Heller*,
554 U.S. 570 (2008) ..... 4

*El Paso Cnty. v. Trump*,
982 F.3d 332 (5th Cir. 2020) ..... 5

*FDA v. All. for Hippocratic Med.*,
602 U.S. 367 (2024) ..... 5

*Hunt v. Wash. St. Apple Advert. Comm'n*,
432 U.S. 333 (1977) ..... 10

*Kokkonen v. Guardian Life Ins. Co. of Am.*,
511 U.S. 375 (1994) ..... 4

*Lujan v. Defs. of Wildlife*,
504 U.S. 555 (1992) ..... 5, 10

*Mahmoud v. Taylor*,
606 U.S. 522 (2025) ..... 5, 6

*McCutchan v. Nicholson*,
2026 WL 938222 (5th Cir. Apr. 7, 2026) ..... 10

*McNeal v. LeBlanc*,
90 F.4th 425 (5th Cir. 2024) ..... 2

*Neese v. Becerra*,
123 F.4th 751 (5th Cir. 2024).......... 5, 9

*Patterson v. Rawlings*,
287 F. Supp. 3d 632 (N.D. Tex. 2018).......... 4

*Paxton v. Dettelbach*,
105 F.4th 708 (5th Cir. 2024).......... 5, 7, 9, 10

*Prestage Farms, Inc. v. Bd. of Supervisors of Noxubee Cnty.*,
205 F.3d 265 (5th Cir. 2000).......... 6

*Spokeo, Inc. v. Robins*,
578 U.S. 330 (2016).......... 5

*Steel Co. v. Citizens for a Better Env't*,
523 U.S. 83 (1998).......... 5

*Summers v. Earth Island Inst.*,
555 U.S. 488 (2009).......... 5-6, 10

*Susan B. Anthony List v. Driehaus*,
573 U.S. 149 (2014).......... 5, 7, 9

*Tenaska Wash. Partners v. United States*,
34 Fed. Cl. 434 (1995).......... 7

*TransUnion LLC v. Ramirez*,
594 U.S. 413 (2021).......... 4

*Wang v. Paxton*,
161 F.4th 357 (5th Cir. 2025).......... 8

*Wolford v. Lopez*,
609 U.S. 185 (2026).......... 4

*Zimmerman v. City of Austin*,
881 F.3d 378 (5th Cir. 2018).......... 10

**Statutes**

18 U.S.C. § 922.......... 8

18 U.S.C. § 930.......... *passim*

**Rules**

Federal Rule of Civil Procedure 12.......... 4

**<u>Legislative Materials</u>**

S. Rep. No. 110-528 (2008) .......... 7

**<u>Administrative & Executive Materials</u>**

36 C.F.R. § 1.1 *et seq.* .......... 2

36 C.F.R. § 1.5 .......... 1, 2, 9

36 C.F.R. § 1.7 .......... 9

## INTRODUCTION

This case involves a Second Amendment challenge to a federal statute and regulation to the extent they restrict the carrying of firearms in national parks. The statute is 18 U.S.C. § 930(a), which generally prohibits possessing a firearm in a federal facility, subject to certain statutory exceptions. And the regulation is 36 C.F.R. § 1.5, which authorizes a national park's superintendent to close off areas of a park to certain activities. In raising this challenge, however, the plaintiffs—Gary Zimmerman, Lisa Ventura, and two firearms advocacy organizations—run into a familiar obstacle: Article III standing.

To try to show standing, Zimmerman and Ventura allege that they wish to carry their handguns for self-defense in public federal facilities when visiting national parks but avoid doing so because they fear being prosecuted for violating § 930(a). But to have standing in this pre-enforcement posture, the threat of prosecution must be credible, and here, it isn't. In an opinion that binds the Executive Branch, the Department of Justice has recently made clear its view that § 930(a) *permits* the lawful carrying of constitutionally protected firearms for self-defense in federal facilities generally open to the public—the exact conduct in which Zimmerman and Ventura wish to engage. Moreover, Zimmerman and Ventura don't identify a *single* restriction imposed under 36 C.F.R. § 1.5 that would prohibit them from carrying a handgun in any national park that they intend to visit. So without any serious threat of prosecution on the horizon, Zimmerman and Ventura lack standing. And the firearms advocacy organizations do too. While both seek to litigate on behalf of their members, neither group has identified a member that would have standing to challenge § 930(a) or a restriction under 36 C.F.R. § 1.5—a prerequisite for an organization to have standing to sue as its members' representative.

Because no plaintiff has established Article III standing, the Court should dismiss this case.

## BACKGROUND

### I. The challenged provisions

#### A. 18 U.S.C. § 930

Section 930(a) of Title 18 of the United States Code generally prohibits knowingly possessing a firearm in a "Federal facility"—*i.e.*, a federally owned or leased building where federal employees regularly perform their official duties. *See* 18 U.S.C. § 930(a), (g)(1). The statute provides several exceptions to this prohibition, however, including for "the lawful carrying of firearms … in a Federal facility incident to hunting or other lawful purposes." *Id.* § 930(d)(3).

#### B. 36 C.F.R. § 1.5

The National Park Service has promulgated regulations that govern the areas under its jurisdiction. *See* 36 C.F.R. § 1.1. *et seq*. Among many other things, these regulations authorize the superintendent in charge of a particular park area to "close all or a portion of a park area to all public use or to a specific use or activity." *Id.* § 1.5(a)(1).

### II. This lawsuit

Earlier this year, Zimmerman, the Firearms Policy Coalition ("FPC"), and the Second Amendment Foundation ("SAF") filed this lawsuit to challenge under the Second Amendment § 930(a), to the extent it prohibits firearm possession in federal facilities operated by the National Park Service, and 36 C.F.R. § 1.5, to the extent it has been used to restrict the carrying of firearms in national parks. *See* Compl. for Decl. & Inj. Relief, ECF No. 1. Plaintiffs amended their complaint a few months later to add Ventura to this case. *See* Am. Compl. for Decl. & Inj. Relief ("Compl."), ECF No. 15.

Plaintiffs' complaint alleges the following:[1]

---

[1] This section includes factual allegations from plaintiffs' complaint, stating them as though they are true and construing them in a light most favorable to plaintiffs. *See McNeal v. LeBlanc*, 90 F.4th 425, 428 n.1 (5th Cir. 2024). But by reciting these allegations, defendants are not conceding that they are in fact true.

Zimmerman frequently visits national parks, and when he does so, he carries a handgun for self-defense. *See* Compl. ¶ 6. Though he wishes to carry his handgun with him when he enters federal facilities within national parks to acquire permits or supplies, he has always disarmed beforehand—typically by placing his handgun in a safe in his vehicle's glovebox—due to his fear of being prosecuted under § 930(a) for carrying a firearm within a federal facility. *Id.* ¶¶ 6–7, 10, 34. Currently, he intends to visit fifteen national parks in the next two years and wishes to carry his handgun with him if he were to enter federal facilities within these parks, but because of his fear of prosecution, he plans to disarm before entering any such facilities. *Id.* ¶¶ 8–10.

Lisa Ventura also has visited national parks in the past, intends to visit them at some point in the future, but currently has "no firm … plans" to visit any. *Id.* ¶ 12. Although she regularly carries a handgun for self-defense, she has disarmed when visiting federal facilities within a national park or when visiting "other areas of the parks where firearm carriage has been forbidden" because of a fear of being prosecuted for violating § 930(a) or any other firearms restriction. *Id.* ¶ 13.

The Firearms Policy Coalition and the Second Amendment Foundation seek relief "on behalf of their members" who wish to "carry firearms for self-defense in the national parks, including in federal facilities or other locations." *Id.* ¶¶ 3, 15, 17.

**III. Recent developments**

This August, the Department of Justice's Office of Legal Counsel ("OLC") issued an opinion that addresses the application of § 930(a) to a particular type of federal facility: post offices. *See* Application of 18 U.S.C. § 930(a) to Post Offices, 50 Op. O.L.C. (Aug. 12, 2026) ("OLC Op."), https://perma.cc/A5CZ-QYH2. In that opinion, OLC concluded that § 930(d)(3)'s "lawful purposes" exception to § 930(a)'s general prohibition *permits* the lawful carrying of constitutionally protected firearms for the purpose of self-defense in post offices that are generally open to the public. *Id.* at 1–2. The opinion explains that, for § 930(d)(3)'s exception to apply, an individual must be

carrying his or her firearm in a federal facility (i) lawfully and (ii) incident to a lawful purpose. *Id.* at 4. And because "[c]arrying arms for self-defense when entering a building held open to the public is a paradigmatic lawful purpose," carrying a firearm for that purpose in a public post office falls squarely within § 930(d)(3)'s exception. *Id.* at 7–8 (citing *Dist. of Columbia v. Heller*, 554 U.S. 570 (2008); *Wolford v. Lopez*, 609 U.S. 185 (2026)); *see also id.* at 8–9 ("So if an individual who is not legally disabled from possessing a firearm enters a post office that is held open to the public while properly carrying a firearm for self-defense, section 930(d)(3) applies to exempt [that individual] from section 930(a)'s carrying ban, as the individual is 'lawfully carrying' a firearm 'incident to' a 'lawful purpose.'" (alterations adopted) (quoting 18 U.S.C. § 930(d)(3))). The opinion therefore instructs that "the Executive Branch may not enforce 18 U.S.C. § 930(a) … against a law-abiding individual who carries a constitutionally protected firearm into a post office for the purpose of self-defense." *Id.* at 27.

## LEGAL STANDARDS

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) may challenge the Court's subject-matter jurisdiction either facially or factually. *Cell Sci. Sys. Corp. v. La. Health Serv.*, 804 F. App'x 260, 263 (5th Cir. 2020). A "facial" attack under Rule 12(b)(1) accepts the truth of the plaintiff's well-pleaded allegations but asserts that they are insufficient on their face to invoke federal jurisdiction. *Patterson v. Rawlings*, 287 F. Supp. 3d 632, 637–38 (N.D. Tex. 2018). A "factual" attack, by contrast, contests the factual existence of subject-matter jurisdiction, typically based on evidence outside the pleadings, and the court may review extrinsic evidence without converting the motion into one for summary judgment. *Id.* In all cases, the party invoking a federal court's limited jurisdiction bears the burden of establishing that it exists. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

## ARGUMENT

Article III limits federal courts' jurisdiction to resolving actual "Cases" and "Controversies," not any dispute that happens to arise between two parties. *TransUnion LLC v. Ramirez*, 594 U.S. 413,

423 (2021). For there to be a case or controversy, a plaintiff must have standing to sue, *FDA v. All. for Hippocratic Med.*, 602 U.S. 367, 380 (2024), and must maintain that standing throughout the case, *Carney v. Adams*, 592 U.S. 53, 59–60 (2020). If standing is absent at any point, a court cannot proceed at all to the merits of the dispute, as any ruling on the merits would be, "by very definition, for a court to act ultra vires." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101–02 (1998).

To establish standing, a plaintiff must (i) have suffered or be likely to suffer an injury in fact (ii) that is fairly traceable to the defendant's challenged conduct and (iii) that a favorable ruling would redress. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). An injury in fact must be both "concrete and particularized," and "actual or imminent, not conjectural or hypothetical." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) (cleaned up); *accord All. for Hippocratic Med.*, 602 U.S. at 381 (an injury in fact must be "real and not abstract," "actual or imminent, not speculative," and "personal," not "generalized").

In a pre-enforcement challenge, a plaintiff can satisfy this injury-in-fact requirement only by showing "a serious 'intention to engage in a course of conduct arguably affected with a constitutional interest, but proscribed by a statute, and there exists a credible threat of prosecution thereunder.'" *Paxton v. Dettelbach*, 105 F.4th 708, 711 (5th Cir. 2024) (quoting *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 159 (2014)). This threatened injury must be "certainly impending," *Mahmoud v. Taylor*, 606 U.S. 522, 560 (2025) (citation omitted); *accord Neese v. Becerra*, 123 F.4th 751, 753 (5th Cir. 2024) ("pre-enforcement review is … permitted only under circumstances that render the threatened enforcement sufficiently imminent" (cleaned up)), so the mere *possibility* of future injury will not do, *City of Los Angeles v. Lyons*, 461 U.S. 95, 105–06 (1983).

At the pleading stage, a plaintiff must allege a "plausible claim" of standing, *Barilla v. City of Houston*, 13 F.4th 427, 431 (5th Cir. 2021) (citation omitted), by pleading specific, concrete facts that establish each element, *Spokeo*, 578 U.S. at 338. Vague or conclusory allegations of harm will not suffice. *El Paso Cnty. v. Trump*, 982 F.3d 332, 344 (5th Cir. 2020). Nor will speculation. *Summers v. Earth*

*Island Inst.*, 555 U.S. 488, 499 (2009).

Measured by these principles, plaintiffs have failed to establish Article III standing to challenge § 930(a) or any § 1.5 restriction.

Start with Zimmerman. According to the complaint, Zimmerman wishes to carry his handgun if he were to acquire permits or supplies in public federal facilities within the fifteen national parks he intends to visit in the next two years. *See* Compl. ¶¶ 6–10, 34. Instead of doing so, though, he plans to disarm before entering any such facilities because he fears being prosecuted for violating § 930(a). *Id.* But Zimmerman's allegations establish nothing more than an "uncertain potentiality" that he will enter a federal facility while visiting these national parks. *See Prestage Farms, Inc. v. Bd. of Supervisors of Noxubee Cnty.*, 205 F.3d 265, 268 (5th Cir. 2000); *see also Mahmoud*, 606 U.S. at 560 (an injury must be "*certainly* impending" to establish pre-enforcement standing (emphasis added)). Indeed, Zimmerman doesn't identify any specific federal facilities within these parks that he *actually* intends to enter, nor is it clear whether he will ever have a reason for entering a federal facility during his park visits. While he alleges that he has entered public federal facilities in the past while visiting national parks "to acquire" items like "a permit or supplies," *see* Compl. ¶ 6, he doesn't allege that he plans to acquire those types of items from federal facilities during his upcoming park visits. And it is far from certain that he would ever have to, as many park permits are available online,[2] and it's unclear whether any federal facilities in these national parks would be able to address Zimmerman's supply needs, whatever they turn out to be. So whether Zimmerman will enter a federal facility within a national park in the near future remains far too "speculative [and] hypothetical" to establish a "sufficiently serious" intention to engage

[2] *See, e.g.*, Yellowstone National Park, *Permits & Reservations*, https://perma.cc/R9YC-6ZVW (providing online links for obtaining permits and reservations for various recreational activities within Yellowstone National Park); Zion National Park, *Permits & Reservations*, https://perma.cc/TC4Z-EEAP (same for Zion National Park); Arches National Park, *Permits & Reservations*, https://perma.cc/H86X-8EC4 (same for Arches National Park); Shenandoah National Park, *Permits & Reservations*, https://perma.cc/V6H8-BMBR (same for Shenandoah National Park).

in his desired conduct. *See Paxton*, 105 F.4th at 713–15.

But even putting that deficiency aside, Zimmerman's alleged fears of prosecution are not based on a credible threat that he would be prosecuted for violating § 930(a) if he were to engage in his desired conduct. *See Susan B. Anthony List*, 573 U.S. at 159 (the threat of prosecution must be "credible" to confer pre-enforcement standing). The Department of Justice, which has exclusive prosecutorial authority over all federal crimes that occur in the national parks that Zimmerman intends to visit, has made clear its view that § 930(a) does *not* prohibit an individual from lawfully possessing a constitutionally protected firearm for purposes of self-defense in federal facilities that are generally open to the public, *supra* 3–4—*precisely* the conduct in which Zimmerman wishes to engage. And that view is staked out in an OLC opinion that binds the Executive Branch. *See Casa De Md. v. DHS*, 924 F.3d 684, 692 n.1 (4th Cir. 2019) ("OLC opinions reflect the legal position of the executive branch and are generally viewed as providing binding interpretive guidance for executive agencies." (cleaned up)); *Craker v. DEA*, 44 F.4th 48, 57 (1st Cir. 2022) ("OLC's purpose, after all, is to provide … authoritative guidance to executive branch agencies.").[3]

Indeed, while OLC staked out its interpretation of § 930 in answering the particular question of whether the statute prohibits firearm possession in post offices, the applicability of its statutory interpretation to Zimmerman's desired conduct is self-evident. As the opinion explains, although § 930(a) generally prohibits firearm possession in federal facilities, the statute provides an exception for "the lawful carrying of firearms … incident to" a "lawful purpose[]." *See* OLC Op. at 3 (quoting

[3] *Accord, e.g.*, *Tenaska Wash. Partners v. United States*, 34 Fed. Cl. 434, 439 (1995) ("Memoranda issued by the OLC … are binding on the Department of Justice and other Executive Branch agencies and represent the official position of those arms of government."); S. Rep. No. 110-528, at 2 (2008) ("An OLC opinion binds the entire executive branch, just like the ruling of a court."); OLC, *Memorandum for Attorneys of the Office Re: Best Practices for OLC Legal Advice and Written Opinions* at 1 (July 16, 2010), https://perma.cc/NZE4-NC5Z ("OLC's core function, pursuant to the Attorney General's delegation, is to provide controlling advice to Executive Branch officials on questions of law that are centrally important to the functioning of the Federal Government.").

18 U.S.C. § 930(d)(3)). For that exception to apply in any context under OLC's interpretation, an individual must be carrying his or her firearm in a federal facility (i) lawfully and (ii) incident to a lawful purpose. *Id.* at 4. The first requirement is satisfied so long as the individual is not generally disabled from possessing or carrying the firearm under federal or state law—*e.g.*, he or she is not a prohibited person under 18 U.S.C. § 922(g). *Id.* at 4–5. And although OLC did not endeavor to define the whole scope of the second requirement, the opinion explains that "[c]arrying arms for self-defense when entering a building held open to the public is a paradigmatic lawful purpose" under established Supreme Court precedent, and thus fits squarely within the meaning of "lawful purpose[]" under § 930(d)(3). *Id.* at 7. Zimmerman's desired conduct clearly falls within § 930(d)(3)'s exception under that interpretation: He does not allege that any federal or state law generally prohibits him from possessing or carrying a firearm, *see* Compl. ¶ 5 (alleging that he "holds an active license to carry handguns in ten states"), and he alleges a desire only to carry a handgun for self-defense in run-of-the-mill park facilities that are widely held open to the public, like visitor centers or shops, *id.* ¶¶ 6–7. The OLC opinion therefore makes plain that the Department of Justice understands § 930(a) to *permit* Zimmerman's desired conduct, as described in the complaint.

This case thus looks a lot like *Wang v. Paxton*, 161 F.4th 357 (5th Cir. 2025). There, the plaintiff tried to raise a pre-enforcement challenge to a Texas law. But during the litigation, the Texas Attorney General, who was charged with enforcing the challenged law, took the view that the law did not apply to the plaintiff, in that it did not proscribe his desired conduct. *Id.* at 358–59. So the Fifth Circuit held that, given the Texas Attorney General's view of the law, the plaintiff could not show there was a substantial threat of its enforcement, and thus he lacked pre-enforcement standing. *Id.* at 361–62.

Same here. The Department of Justice, which is charged with enforcing § 930(a), has taken the position that § 930(a) does not proscribe the conduct in which Zimmerman wishes to engage—*i.e.*, the carrying of a handgun for self-defense in public federal facilities in the national parks he intends

to visit. So like in *Wang*, given the Department of Justice's view of the law, Zimmerman cannot show a "well-founded fear" that he would be prosecuted under § 930(a) if he were to engage in his desired conduct. *See Susan B. Anthony List*, 573 U.S. at 160; *see also Neese*, 123 F.4th at 753–54 (holding that there was no "credible threat of enforcement" where there was no "evidence" that the government would view the plaintiffs' conduct as violating the challenged policies). He therefore lacks pre-enforcement standing to challenge § 930(a).[4]

Zimmerman also lacks standing to challenge any § 1.5 restrictions. Indeed, he hasn't identified a *single* § 1.5 restriction that would prohibit him from carrying his handgun in any area of any national park that he intends to visit. And there's a good reason for that: There are none. The compendia of rules—*i.e.*, a required compilation of all § 1.5 restrictions for a particular park area, *see* 36 C.F.R. §§ 1.5(e), 1.7(b)—for the fifteen national parks that Zimmerman intends to visit show no firearms-related restrictions imposed pursuant to 36 C.F.R. § 1.5.[5] Zimmerman has thus failed to show that he has "a serious intention to engage in conduct proscribed" by a § 1.5 restriction, *see Paxton*, 105 F.4th at 712–13, much less that there is a credible and imminent threat of prosecution relating to any such restriction, *see, e.g.*, *id.* (holding that the plaintiffs lacked pre-enforcement standing where they failed to

---

[4] The fact that the Department of Justice established its view of § 930(a) in a formal, controlling opinion unrelated to this litigation, *supra* 3–4, makes the absence of any serious prosecution threat even clearer than in *Wang* and *Neese*, where the government stated its view of the challenged law or policy in the course of litigation.

[5] *See* Acadia National Park, https://perma.cc/6GXA-LP5G; Arches National Park, https://perma.cc/Z3SB-PBXK; Big Bend National Park, https://perma.cc/54UD-3SMK; Bryce Canyon National Park, https://perma.cc/3LZY-CQ3N; Canyonlands National Park, https://perma.cc/AY5F-LR49; Capitol Reef National Park, https://perma.cc/PX8F-G29S; Hot Springs National Park, https://perma.cc/AV6N-CJ5X; Glacier National Park, https://perma.cc/5P3C-3K43; Great Smoky Mountains National Park, https://perma.cc/W2LY-HAVZ; Guadalupe Mountains National Park, https://perma.cc/7GFG-QW35; Mesa Verde National Park, https://perma.cc/PP3V-X34L; Rocky Mountain National Park, https://perma.cc/84G4-4LG7; Shenandoah National Park, https://perma.cc/XWD7-9T8R; Yellowstone National Park, https://perma.cc/5G65-WX3K; Zion National Park, https://perma.cc/DR6J-845T.

show that the challenged law actually prohibited their desired conduct); *Zimmerman v. City of Austin*, 881 F.3d 378, 389 (5th Cir. 2018) (same).

Now take Ventura, whose standing claim fails at even more basic level than Zimmerman's. In the complaint, Ventura admits that she has "no firm … plans" to visit any national parks, but only a desire to visit them at some uncertain point in the future. *See* Compl. ¶ 12. These vague and uncertain "'some day' intentions," "without any description of concrete plans, or indeed even any specification of *when* the some day will be," cannot possibly establish the type of "'actual or imminent injury' required for standing." *See Paxton*, 105 F.4th at 713 (quoting *Lujan*, 504 U.S. at 564); *accord, e.g.*, *McCutchan v. Nicholson*, 2026 WL 938222, at *3 (5th Cir. Apr. 7, 2026) (holding, at the pleading stage, that the plaintiff lacked pre-enforcement standing where he alleged no "specific steps or concrete plans" to engage in the conduct he claimed might be legally proscribed). So like in *Paxton* and *McCutchan*, absent any allegations of specific or concrete plans to visit a national park, Ventura has failed to establish a serious intention to engage in allegedly prohibited conduct, much less any credible threat of prosecution. *See supra* 7–9. She therefore lacks pre-enforcement standing, as well.

That leaves FPC and SAF. Both claim to seek relief solely "on behalf of their members" who would like "to carry firearms for self-defense in the national parks, including in federal facilities or other locations." *See* Compl. ¶¶ 3, 15, 17. To have standing to sue as the representative of its members, an organization like FPC or SAF must show, among other things, that one of its members would have standing to sue in his or her own right. *Hunt v. Wash. St. Apple Advert. Comm'n*, 432 U.S. 333, 343 (1977); *accord Summers*, 555 U.S. at 498 (an organization that sues on behalf of its members must "make specific allegations establishing that" the challenged law would harm "at least one identified member"). But FPC and SAF haven't satisfied even that low bar. The complaint identifies only two members of these organizations: Zimmerman and Ventura, *see* Compl. ¶¶ 15, 17, neither of which have standing to sue, *supra* 6–10. Aside from them, the complaint identifies no other FPC or SAF member. FPC and

SAF therefore lack standing to sue on behalf of any of their members.

* * *

In sum, no plaintiff has established standing to challenge § 930(a) or any § 1.5 restriction, and therefore this Court lacks jurisdiction.

## CONCLUSION

The Court should dismiss this case.

Dated: October 2, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

JEREMY S.B. NEWMAN
Assistant Branch Director

*/s/ Jody D. Lowenstein*
JODY D. LOWENSTEIN
Mont. Bar No. 55816869
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20005
Phone: (202) 598-9280
Email: jody.d.lowenstein@usdoj.gov

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

On October 2, 2026, I electronically submitted the foregoing document with the Clerk of Court for the U.S. District Court, Northern District of Texas, using the Court's electronic case filing system. I hereby certify that I have served all parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ Jody D. Lowenstein*
JODY D. LOWENSTEIN
Trial Attorney
U.S. Department of Justice